IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY DWAYNE ANDERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0182 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**AMENDED ORDER OF DISMISSAL**

The Court dismissed this petition without prejudice on March 17, 2014, for petitioner's failure to pay the filing fee. On that same date, petitioner's $5.00 filing fee was received and docketed by the Clerk of Court. Although the filing fee was not timely paid, the Court will accept the late payment, grant a new trial *sua sponte*, withdraw its dismissal order of March 17, 2014, and dismiss the petition as barred by limitations.

*Background and Analysis*

Petitioner files this section 2254 habeas petition challenging his 2008 conviction and twenty-five year sentence for indecency with a child.

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

>    (d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Public state court records show that petitioner was convicted and sentenced on October 3, 2008.  The conviction was affirmed by direct appeal on March 9, 2010, and discretionary review was denied on June 30, 2010.  Accordingly, petitioner's conviction became final for purposes of the AEDPA limitation ninety days later, on or about September 30, 2010, and expired one year later, on or about September 30, 2011.

Petitioner filed an application for state habeas relief with the trial court on January 13, 2011, which was denied by the Texas Court of Criminal Appeals on January 11, 2012. Petitioner filed the instant federal habeas petition no earlier than January 24, 2014.

Because the petition showed on its face that was is barred by limitations, the Court ordered petitioner to show cause why the petition should not be dismissed as untimely. In his written response, petitioner alleges that his petition was "ready" for filing on January 1, 2013, in time to meet the "January 11, 2013" deadline, but that he was "locked up" under a disciplinary conviction on December 30, 2012, before he could put postage on the mailing envelope. (Docket Entry No. 6.) He states that he was then transferred to another unit in February 2013, and then to a third unit in September 2013, all without ever receiving his property, including the habeas petition. *Id*. Petitioner asserts that he did not receive his property until January 22, 2014, at which time he put stamps on the habeas envelope and mailed it. *Id*. The Court received petitioner's signed but undated petition on January 24, 2014.

Petitioner erroneously contends that limitations commenced on January 11, 2012, the date the Texas Court of Criminal Appeals denied his state habeas application, and expired one year later, on January 11, 2013. To the contrary, limitations commenced in his case on September 30, 2010, and expired one year later, on or about September 30, 2011, absent statutory tolling. Petitioner filed his state habeas application on January 13, 2011, with 262 days left on the limitations time clock. The running of limitations was tolled during

3

pendency of the state habeas application. Thus, when the Texas Court of Criminal Appeals denied habeas relief on January 11, 2012, petitioner's federal habeas petition was due 262 days later, on September 25, 2012. Even had the instant petition been filed on January 1, 2013, the date petitioner states it was "ready" for mailing, it would have been untimely.

Although petitioner asserts a claim of "actual innocence," he does not state that the claim is being raised for purposes of equitable estoppel to avoid the limitations bar. Regardless, he does not meet his burden for establishing actual innocence under *Schlup v. Delo*, 513 U.S. 298, 329 (1995). The Supreme Court has recently held that both a procedural bar and the expiration of the AEDPA statute of limitations can be overcome by a showing of actual innocence sufficient to meet the requirements of *Schlup*. *McQuiggins v. Perkins*, ___ U.S. ___, ____, 133 S. Ct. 1924, 1928 (2013). However, a petitioner does not meet the threshold requirement under *Schlup* for establishing actual innocence "unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. Because petitioner presents no new, credible evidence of his innocence in his petition, his claim of actual innocence affords him no basis for equitable tolling. Petitioner's instant petition is time barred.

*Conclusion*

The Court GRANTS a new trial in this case, and WITHDRAWS the order of dismissal dated March 17, 2014.

The petition is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on March 19, 2014.

_____
Gray H. Miller
United States District Judge